IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 APR 14 PM 1:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

JANICE EASON, as Administratrix of the Estate )
of WALLACE MITCHELL, DECEASED, )
)
    Plaintiff )
)
vs. )
) CIVIL ACTION NO:
CITY OF HUNTSVILLE; CHET WILLIAMS, )
individually and in his official capacity as police )
officer; CATHY VAUGHN, individually and in her )
official capacity as police officer; JOHN )
HOLLINGSWORTH, individually and in his official )
capacity as police officer; COMPTON OWENS, ) CV-00-H-0969-NE
individually and in his official capacity as Chief of )
Police of the Huntsville, Alabama Police )
Department; )
)
    Defendants )

# COMPLAINT

## NATURE OF THE ACTION

1.    This is a civil action brought pursuant to 42 U.S.C. § 1983, to redress the deprivation under color of law of Wallace Mitchell, deceased's rights, privileges, and immunities secured by the Constitution of the United States. The plaintiff seeks money damages to redress and remedy the deprivations of decedent's constitutional rights. In addition, plaintiff invokes the supplemental jurisdiction of this Court over related, ancillary, and pendent state law wrongful death claims. Finally, plaintiff seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

4. This Court is an appropriate venue for this action pursuant to 28 U.S.C. §1391(b).

5. This Court has jurisdiction over the plaintiff's state law claims under the doctrine of supplemental jurisdiction. 28 U.S.C. §1367.

6. All of the actions, omissions, and events complained of herein took place in Madison County, Alabama, and within the venue of this Court.

## PARTIES

7. Plaintiff, Janice Eason, Administratrix of the Estate of Wallace Mitchell, deceased, is a citizen of the United States and a resident of the City of Huntsville, Madison County, Alabama. On June 16, 1998, Dorothy C. Sanders, timely served upon defendant City of Huntsville a claim for the wrongful death of Wallace Mitchell, a copy of which is attached hereto, marked Exhibit "A," and incorporated herein by reference.

8. Plaintiff, Janice Eason, is the duly appointed, qualified and acting legal representative and Administratrix of the Estate of Wallace Mitchell, deceased, pursuant to order of court heretofore entered by the Probate Court of Madison County, State of Alabama, appointing plaintiff Administratrix; Janice Eason brings this action in her capacity as Administratrix.

9. Plaintiff avers that on or about April 17, 1998, defendant, City of

Huntsville, a municipal corporation, was and still remains a municipal corporation duly organized and existing pursuant to and under the laws of the State of Alabama, and pursuant to law is capable of being sued in this Court. Defendant City is responsible for the policies, practices, and customs of its police department, as well as the hiring, training, supervision, control, and discipline of its police officers.

10. Plaintiff avers that defendant, City of Huntsville, acts or fails to act through its policy-making officials, including, but not limited to its City Council members, the Chief of Police; the acts and edicts of these policy-making officials represent the policies, practices, and customs of the City of Huntsville.

11. Plaintiffs aver that on April 17, 1998, Defendant City maintained a police department, and defendant, Compton Owens, was employed as chief of police. Defendants, Chet Williams, Cathy Vaughn and John Hollingsworth, were employed as police officers by Defendant City. Defendants, Chet Williams, Cathy Vaughn and John Hollingsworth, were at all times pertinent herein, acting both individually, and within the line and scope of their employment as police officers for Defendant City.

12. Plaintiff avers that on or about April 17, 1998, defendant, Compton Owens was the Chief of Police of the City of Huntsville, and in that capacity, was responsible for establishing or failing to establish policies, practices, and regulations for the conduct of the police department and its employees. Defendant, Compton Owens, as Chief of Police was the commanding officer of the other police personnel named herein as individual defendants. Defendant, Compton Owens, was constitutionally and statutorily responsible also for the operation, practices, and totality of conditions of the police department. Defendant, Compton Owens, at all times herein, was acting in such a capacity as the agent, servant, and employee of the City of Huntsville. Compton Owens is sued individually and in his official capacity.

13. Plaintiff avers that all times relevant hereto and in all of their actions described herein, each defendant was acting under color of state law, state authority, statute, custom, or usage, and pursuant to their official authority.

## FACTUAL ALLEGATIONS

14. On April 17, 1998, defendants officers, Chet Williams, Cathy Vaughn and John Hollingsworth, were called to the scene of a domestic disturbance within the city limits of the City of Huntsville.

15. Plaintiff avers that the defendants wrongfully killed Wallace Mitchell at said time and said place without provocation, and in violation of the civil rights of Wallace Mitchell.

## CAUSES OF ACTION
### COUNT ONE

16. Plaintiff, Janice Eason, as administratrix of decedent's estate, avers that the attempted arrest of decedent by defendants on the charge of reckless endangerment was false, illegal, and without probable cause, and was done by defendants to punish the decedent for his peaceful and legitimate exercise of his rights under the First and Fourteenth Amendments. The treatment of the decedent and the conditions to which all the defendants subjected the decedent resulted in suffering to the decedent and caused the decedent to be subjected to punishment and to the deprivation of his constitutional rights under the Fourth and Fourteenth Amendments.

17. Plaintiff avers that defendant, City of Huntsville, had various policies, practices, and customs which subjected the decedent to the deprivation of his Constitutional rights, including:

(a) failure to train the officers involved in the incident made the basis of this suit;

(b) continually and consistently under funding or inadequately funding the training procedures;

(c) allowing, acquiescing in, and failing to correct the pervasive and widespread violations of Fourth Amendment rights of all attempted arrestees such as the decedent; and

(d) on and about and prior to April 17, 1998, and including up to the present time, the City of Huntsville acquiesced in and expressed ratification of the conduct of its police officers and the specific defendants causing the death of the decedent, since said defendant made no reprimands, no discharges, no changes in policy or practice, and no admissions of error relative to the events of said date.

18. Plaintiff avers that these acts, omissions, and conduct constitute official policies, practices, or customs of defendant City of Huntsville, violated 42 U.S.C. §§ 1983 and 1988 by depriving the decedent of his Constitutional rights as follows:

(i) Fourth and Fourteenth Amendment right to freedom from unreasonable searches and seizures of his person;

(ii) Fourth, Fifth, and Fourteenth Amendment rights to freedom from gross invasion of privacy;

(iii) Fourth and Fourteenth Amendment rights to freedom from detention constituting punishment and/or causing suffering;

(iv) Fourteenth Amendment right to freedom from preconviction punishment without due process of law;

(v) Fourteenth Amendment liberty interest to freedom from the deprivation of life without due process of law;

(vi) First Amendment right to legitimate protest and speech;

(vii) Fourth, Fifth, and Fourteenth Amendment rights to be free from unreasonable and excessive use of force upon his person during arrest and detention; and

(viii) Fourth and Fourteenth Amendment rights to be free from arrest without warrant or probable cause.

19. Plaintiff avers that defendant officers, Chet Williams, Cathy Vaughn and John Hollingsworth, and Compton Owens, Chief of Police, had various policies, practices, and customs which subjected the decedent to the deprivation of his Constitutional rights, which included:

(a) Failing to establish guidelines, training, or procedures for the officers in and about the effectuation of a lawful arrest;

(b) Failing to establish adequate training of police officers in dealing with domestic calls;

(c) On and about April 17, 1998, and including up to the present time, acquiescing in and expressing ratification of the conduct of the other defendants causing the death of the decedent, since said defendant made no reprimands, no discharges, no changes in policy or practice, and no admissions of error relative to the events of said date.

20. Plaintiff avers that defendant police officers, Chet Williams, Cathy Vaughn and John Hollingsworth, by and through their conduct, subjected the decedent to the deprivation of his Constitutional rights, including:

(a) using force to attempt to take him into custody;

(b) by discharging their weapons and firing their weapons at him while he was unarmed;

(c) by failing to exercise any reasonable care for the safety, safekeeping and well-being of decedent;

(d) demonstrating deliberate and callous indifference to his condition.

21. Plaintiff avers that the conduct of defendants, Chet Williams, Cathy Vaughn and John Hollingsworth, violated 42 U.S.C. §§ 1983 and 1988, by depriving decedent of his Constitutional rights as follows:

(i) Fourth and Fourteenth Amendment right to freedom from unreasonable searches and seizures of his person;

(ii) Fourth, Fifth, and Fourteenth Amendment rights to freedom from gross invasion of privacy;

(iii) Fourth and Fourteenth Amendment rights to freedom from detention constituting punishment and/or causing suffering;

(iv) Fourteenth Amendment right to freedom from preconviction punishment without due process of law;

(v) Fourteenth Amendment liberty interest to freedom from the deprivation of life without due process of law;

(vi) First Amendment right to legitimate protest and speech;

(vii) Fourth, Fifth, and Fourteenth Amendment rights to be free from unreasonable and excessive use of force upon his person during arrest and detention; and

(viii) Fourth and Fourteenth Amendment rights to be free from arrest without warrant or probable cause.

22. Plaintiff avers that the aforesaid acts and conduct of the individual defendants were unreasonable, intentional, reckless, or done with callous and deliberate indifference to the constitutional rights of the decedent.

23. Plaintiff avers that as a direct and proximate cause and consequence of the conduct, acts, and omissions of the defendants alleged herein, the decedent suffered emotional injury and trauma, bodily injury, and ultimately loss of life, and

prior to his death experienced great pain, suffering, and anguish and as a result the estate of Wallace Mitchell, lost substantial future earnings, incurred medical, funeral, and burial expenses.

WHEREFORE, the plaintiff demands judgment and damages against each defendant separately and severally, as follows:

    a.    Award to the estate of Wallace Mitchell One Million Dollars ($1,000,000.00) as compensatory damages for the deprivation of one or more of the constitutional rights of the decedent, and the loss of life;

    b.    Award to the estate of Wallace Mitchell One Million Dollars ($1,000,000.00) as punitive damages against each defendant;

    c.    Award to the estate of Wallace Mitchell interest to commence from the date of injury and death; and,

    d.    Grant such other relief as law and equity allows, including costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT TWO

24.    Plaintiff, Janice Eason, as administrator of decedent's estate restates and realleges Paragraphs 1 through 23 as if set forth herein.

25.    Plaintiff avers that as the direct, proximate and sole result of each and every one of the foregoing acts or omissions of the defendants, Wallace Mitchell died as a result of a shooting. Plaintiff avers that the decedent's death was wrongful within the purview of Alabama's Wrongful Death Act. Code of Alabama § 6-5-410 (1975).

26.    Plaintiff alleges that said death was proximately caused by the following culpable acts of the defendants, both separately and severally:

    (a)    For that the defendant, City of Huntsville, by and through its

8

agents and employees, and those defendants designated as fictitious parties, (whose true and correct names are unknown to the plaintiff at this time but will be added by amendment when ascertained),

  (i) Failed to adequately train its officers involved in the events made the basis of this suit;

  (ii) Failed to properly fund their training program;

  (iii) Failed to take action prior to this event when similar circumstances had existed;

  (iv) Failed to adequately train and inform police as to the proper manner of handling a domestic dispute;

  (vi) Failed to properly train the defendant officers in the use of a deadly weapon;

  (vii) Failed to establish policies, procedures and guidelines which would have prevented the shooting of the plaintiff's decedent.

WHEREFORE, plaintiff, Janice Eason, as Administratrix of the Estate of Wallace Mitchell, deceased, requests judgment and damages against defendants, separately and severally and in an amount as the jury may assess, plus costs of the suit.

            _____
            R. GORDON PATE
            Attorney for Plaintiff

OF COUNSEL:

HUEL CARTER, ESQ. ← Suspended
and
PATE, LLOYD, FUSTON
400 Title Building
300 North 21st Street
Birmingham, Alabama 3!
Telephone: (205) 323-3&#x9;

PLAINTIFF REQUESTS TRIAL BY A STRUCK JURY IN THIS ACTION.

_____
R. GORDON PATE

SERVE DEFENDANTS, VIA CERTIFIED MAIL, AT:

CITY OF HUNTSVILLE
City Hall
Huntsville, Alabama 35804-0308

CHET WILLIAMS
Huntsville Police Department
Huntsville, Alabama 35804

CATHY VAUGHN
Huntsville Police Department
Huntsville, Alabama 35804

JOHN HOLLINGSWORTH
Huntsville Police Department
Huntsville, Alabama 35804

COMPTON OWENS
Chief of Police
Huntsville Police Department
Huntsville, Alabama 35804

STATE OF ALABAMA
MADISON, COUNTY

**AFFIDAVIT OF CLAIM**

RETURN TO:
CITY CLERK-TREASURER
P.O. BOX 308
HUNTSVILLE, AL 35804

YOUR NAME: Dorothy Sanders
ADDRESS: 6202 Angus Circle, Hsv. 35810 (zip code) PHONE: 852-8330
OCCUPATION: Engineer Tech   AGE: 48   SEX: F
MARITAL STATUS: Married   NAME OF SPOUSE: Mr. Sanders
DATE OF ACCIDENT: April 17, 1998   TIME: 9:40 A.M. ✓   P.M.   APPROX
PLACE OF ACCIDENT: (Be specific) Blue Springs Road, one block South of Winchester
NAME OF CITY EMPLOYEE INVOLVED: Officers Chet Williams, Cathy Vaughn, "Hollingsworth"
HOW DID THIS ACCIDENT HAPPEN? (Give Full Details) (Use Additional Sheet If Necessary) Police Responded to domestic dispute. Wallace Mitchell is said to have fled when police arrived — pursuit ensued — Wallace Mitchell was shot in side of chest. When shot Wallace Mitchell was unarmed and posed no threat to police officers. Wallace Mitchell died from gun shot

DESCRIBE ANY PERSONAL INJURIES: Wrongful Death of Wallace Mitchell

CLAIM # FY 98-158
RECEIVED
6-16-98
CITY OF HUNTSVILLE

DESCRIBE PROPERTY AND DAMAGE: (Attach Estimates) loss of life

BY _____ Charles E. Dayton
CLERK TREASURER

WITNESSES:
Danny Horton   ADDRESS: 4814 Shawmout Dr. Hsv. 35810
Melody Brooks  ADDRESS: 5003 Ortega Cir. Hsv. 35810
Sue Horton     ADDRESS: 5004 Ortega Cir. Hsv. 35810

IF YOU CARRY INSURANCE FOR THIS LOSS, STATE THE NAME OF THE COMPANY: Mutual Savings Life Insurance of Decatur (funeral burial costs & burial clothing, flowers)
STATE THE AMOUNT OF THIS CLAIM: ~~$~~ We want total amount allowed by law — the $100,000 cap plus any other amount given
July

Dorothy C. Sanders
CLAIMANT - AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME THIS 16 DAY OF June, 1998

Sarah L. Taylor
NOTARY PUBLIC

Exhibit "A"

TOTAL P.03