## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JANICE EASON, as** | ] | |
| **Administratrix of the Estate of** | ] | |
| **Wallace Mitchell,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | **Case No.:  5:00-CV-0969-VEH** |
| **v.** | ] | |
| | ] | |
| **CHET WILLIAMS,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION</u>

## I.    INTRODUCTION

This civil rights action for wrongful death was initiated by Janice Eason ("Eason" or "Ms. Eason"), as the administratrix of the estate of her brother, Wallace Mitchell ("Mitchell"),[1,2] on April 14, 2000.  (Doc. #1).  Defendant Chet Williams ("Williams") is the sole remaining defendant in this case, and the only claim existing against him is a wrongful death claim for excessive force.

Pending before the court is the Motion to Dismiss of Defendant Chet Williams

---

[1]  Mitchell died intestate on or about April 17, 1998.  (Doc. #164 at Ex. A at 2; Doc. #1 ¶¶ 14-15).

[2]  Sometimes the court refers to Janice Eason as "Plaintiff", other times as "Eason".  At all times, however, Ms. Eason's role has been in a representative capacity only — that is, as administratrix of the estate of Wallace Mitchell.

("Motion to Dismiss") (Doc. #164) filed on August 8, 2008.  For the reasons hereinafter stated, the court finds that Williams's Motion to Dismiss is due to be granted, and that the case is due to be dismissed with prejudice.

Also pending is the Request for Stay ("Stay Request") (Doc. #172) filed by attorney Anthony Piazza ("Mr. Piazza") on September 3, 2008.  The Stay Request is due to be denied.

## II.    RELEVANT PROCEDURAL HISTORY

On June 16, 2008, the court granted the Motion to Leave to Withdraw (Doc. #156) filed by Eason's most recently retained counsel, Brian M. White ("Mr. White"). (Doc. #158).  As a part of the order granting Mr. White's withdrawal, the court continued the trial setting of July 14, 2008, "to enable the Plaintiff to obtain new counsel or to advise the court why she can appear *pro se* even though she is appearing as the Administratrix of the Estate of her late brother Wallace Mitchell."  (Doc. #158 at 1).

The court further set the case for a show cause hearing on July 14, 2008, in Huntsville, Alabama, at 8:30 a.m., on the issue of "why [Eason] can proceed without an attorney in the prosecution of this action."  (*Id.* at 5).  In this order, the court set forth relevant case law on the general topic of whether a party may proceed *pro se* in certain situations, including representing an estate, and cited several examples in

2

which a dismissal of the case was found to be appropriate.  (*See generally* Doc. #158

at 1-4 (discussing limitations on *pro se* representation generally and specifically as

to estates and citing several illustrative legal authorities)).

The court also expressly put Eason on notice that her "**failure to comply with**

**this Order may constitute contempt of court.**" (*Id.* at 5).  Finally, in the event that

Eason secured new counsel prior to July 14, 2008, as confirmed through a formal

entry of appearance or an order granting pro hac vice admission, then the show cause

hearing would "instead be a status conference to set a new trial date." (*Id.*).

No new attorney ever entered an appearance for Eason on or before July 14,

2008.  Consequently, the show cause hearing went forward as scheduled.  (*See* minute

entry dated July 14, 2008; Doc. #163 (transcript of hearing proceedings held on July

14, 2008)).

One (1) day after the show cause hearing, the court entered an Order Resetting

Trial; Setting Other Dates.  (Doc. #160).  In this order, the court set out in writing the

further extended deadline, announced in open court in Ms. Eason's presence, for

Eason to obtain new counsel.  That further extended deadline was July 28, 2008.  (*Id.*

¶ 2).  Also, in the event that Eason did not secure a new attorney by the July 28, 2008,

deadline, the court gave Williams until August 11, 2008, "to file any motion it wishes

to file on the issue of whether or not Plaintiff can proceed *pro se*." (*Id.* ¶ 3).

3

The July 28, 2008, deadline passed and no attorney entered an appearance on behalf of Eason.[3]  As noted above in Section I of this Opinion, Williams then timely filed his Motion to Dismiss on August 8, 2008, pursuant to the court's July 15, 2008, written order.

On August 12, 2008, the court entered a briefing schedule on the Motion to Dismiss (Doc. #167), allowing Eason until September 2, 2008,[4] to file a response and giving Williams until September 15, 2008, to file his reply.  (*Id.* at 1).  Eason sent correspondence dated August 13, 2008, along with several attachments to the undersigned.  (Doc. #168).  That correspondence expressly references Williams's Motion to Dismiss.  (*Id.*).  The court made this collective document part of the record on August 14, 2008.  (*Id.*).

On August 27, 2008, Williams filed his reply brief.  (Doc. #171).  Eason has filed no additional materials in opposition to the Motion to Dismiss by the applicable September 2, 2008, deadline.  Accordingly, the Motion to Dismiss is now under

---

[3]  The court states that no attorney appeared on behalf of Eason because that is the language it sometimes used in previous orders.  Of course, if an attorney had appeared, the attorney would have represented Plaintiff — that is, Ms. Eason as administratrix of the estate of Wallace Mitchell.

[4]  This date was actually an extension of the original deadline, which gave Eason eleven (11) days or until August 19, 2008, in which to respond.  (Doc. #160 ¶ 3).

submission.

However, as noted above, on September 3, 2008, an attorney admitted to this court, Mr. Piazza, filed a Stay Request.  (Doc. #172).  The court addresses the substance of the Stay Request before addressing the Motion to Dismiss.

## III.   APPLICABLE STANDARDS

### A.   Stay Request

The Stay Request cites to no supporting legal authority.  In evaluating the Stay Request, the court is guided by Rule 1 of the Federal Rules of Civil Procedure and its overall discretion to control its calendar.  As Rule 1 states:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

Fed. R. Civ. P. 1.

Moreover, as explained in *Wilson v. Farley*, 203 Fed. Appx. 239 (11th Cir. 2006), the court has inherent authority to control its docket and such decisions are governed by an abuse of discretion standard:

> A district court retains the inherent authority to manage its own docket. *See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1172 n. 7 (11th Cir.2004).  Accordingly, we will review the district court's order for an abuse of discretion.  *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863-64 (11th Cir. 2004) (reviewing various district court decisions made in the course of managing its

5

docket for an abuse of discretion).

*Wilson*, 203 Fed. Appx. at 250.

### B.    Motion to Dismiss

Williams filed his Motion to Dismiss pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure.   (Doc. # 164 at 1).   Rule 41(b) governs involuntary

dismissal and provides:

> **(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or
> to comply with these rules or a court order, a defendant may move to
> dismiss the action or any claim against it.  Unless the dismissal order
> states otherwise, a dismissal under this subdivision (b) and any dismissal
> not under this rule--except one for lack of jurisdiction, improper venue,
> or failure to join a party under Rule 19--operates as an adjudication on
> the merits.

Fed. R. Civ. P. 41(b).

Alternatively, as the pleadings are closed, the court treats Williams's Motion

to Dismiss as a Motion for Judgment on the Pleadings ("Motion for Judgment").  The

relevant portions of Rule 12 which address motions for judgment on the pleadings

provide:

> **(c)  Motion for Judgment on the Pleadings.**  After the pleadings are
> closed--but early enough not to delay trial--a party may move for
> judgment on the pleadings.
>
> **(d)  Result of Presenting Matters Outside the Pleadings.**  If, on a
> motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are
> presented to and not excluded by the court, the motion must be treated
> as one for summary judgment under Rule 56.  All parties must be given

a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(c)-(d). "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings <u>and any judicially noticed facts</u>." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted) (emphasis added).

If conversion of a Rule 12(c) motion is appropriate, then the Rule 56 standard applies:

> **(c)  Serving the Motion; Proceedings.**  The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

## IV.   ANALYSIS

### A.   Stay Request

In the Stay Request, Mr. Piazza expressly states that he "received files from Plaintiff [Eason] on Friday, August 29, 2008, in order to review same and <u>possibly</u> represent Plaintiff . . ." (emphasis added).  (Doc. #172 ¶ 1).  Eason's Stay Request is due to be denied because it is just too late, too tentative, and, if granted, too unfair to Williams.  This case has been pending for over eight (8) years, and a final

7

determination of the action is important to <u>all</u> parties and the people of the Northern District of Alabama.  At some point along the continuum of a case, justice <u>further</u> delayed is justice denied.

The court has granted previous extensions of time and tried to give Eason every opportunity to obtain a third lawyer to represent her after her previous two (2) counsel have withdrawn.  However, giving her yet more time after two (2) other deadlines to find her third attorney have passed, based on the mere <u>possibility</u> that Mr. Piazza might accept the case, unjustly keeps Williams in the limbo of having a pending wrongful death lawsuit against him.

This court has a duty to be fair to both sides.  Consistent with Rule 1 and in the court's discretion, such an additional delay would be highly prejudicial to Williams given the court's prior treatment in favor of Eason, including allowing her several periods of additional time to either locate counsel or show cause why she should be allowed to proceed without an attorney.

More specifically, the court first gave Eason approximately sixty-two (62) days to locate a second attorney after her first attorney, Gordon Pate, withdrew as granted by the Eleventh Circuit on January 12, 2007, and entered on this court's docket on April 3, 2007.  (Doc. #117).  Mr. White, Eason's second attorney, entered an appearance on June 4, 2007.  A trial date of July 14, 2008, was set and a pretrial order

was entered on February 27, 2008.  (Doc. #151).  Consistent with the requirements of the pretrial order, Williams filed his witness and exhibit list (Doc. #157) on June 16, 2008.

On June 10, 2008, Mr. White, Eason's second lawyer, sought to withdraw. (Doc. #156).  In granting Mr. White's request, the court gave Eason roughly twenty-six (26) days, specifically, until July 14, 2008, to locate new counsel or show cause why she could represent the estate herself.  (Doc. #158).  In that order, the court also specifically warned Eason that, if there were heirs or creditors of the estate other than herself, she could not proceed without a lawyer and set out the law on the issue.  (*See infra* at 11-16 (citing case law from June 18, 2008 order)).

At the hearing on July 14, 2008, Eason did not have another lawyer, but she had tried to retain one, Robert Shipman ("Mr. Shipman"), who did not decide to represent her but came to the hearing anyway as a courtesy to the court and Eason after the court called his office.  (Doc. #163).  The court requested Mr. Shipman to attend the hearing based on Eason's statement to the court that she thought he would be at the hearing.  (*Id.*).  The court then gave Mr. Shipman two (2) weeks, until July 28, 2008, which he agreed was sufficient, to decide whether or not to appear and represent Eason and/or Mitchell's estate.  (Docs. #160, #163).

As set forth the above in the procedural history section of this opinion, when

9

Mr. Shipman did not enter an appearance, Williams filed his Motion to Dismiss. (Doc. #164). Eason responded (Doc. #168), and Williams filed his reply. (Doc. #171).

Now, Mr. Piazza wants another thirty (30) days just to decide <u>whether or not</u> he will represent Eason. The court cannot agree to this. Eason has had since June 18, 2008, to find her third attorney. (Doc. #158). Further, Eason has already used approximately sixty-two (62) days to obtain her second lawyer after the case was remanded by the Eleventh Circuit. Eason has been warned in writing and orally by the court that, if she cannot show cause as to her ability to proceed *pro se*, then she cannot go forward without counsel.

Thus, if the court granted the Stay Request of thirty (30) additional days, then Eason would have a total of approximately one hundred six (106) days (as measured from June 18, 2008, until October 2, 2008) to find her third lawyer, and the total number of days she would have been given to find lawyers, including after notice of the Eleventh Circuit's granting the withdrawal of Eason's first attorney entered on April 3, 2007 (Doc. #117), would equal approximately one hundred sixty-eight (168) days. Further, if Mr. Piazza decided on the last day of the thirty (30) day period that he would represent her, then he would also need time to prepare for trial and to comply with the deadlines in the pretrial order — a minimum of 45 to 60 more days.

This case was originally set for trial on July 14, 2008 (Doc. #151), and was reset to September 29, 2008, for the benefit of Eason after Mr. White withdrew. (Doc. #160).  When Mr. Shipman did not enter an appearance by the July 28, 2008, extended deadline, the court continued the September 29, 2008, trial date generally at the request of Williams in order to address the substance of his Motion to Dismiss. (Doc. #162).  Given the foregoing record of extensions and trial continuances in favor of Eason, it is simply unreasonable and prejudicial to Williams, who has a right to a timely trial, and to the citizens residing in the Northern District of Alabama who have a similar interest in the fair and efficient administration of justice, to grant Eason's Stay Request.  *See* Fed. R. Civ. P. 1 ("[The rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

**B.    Motion to Dismiss**

> **1.    General Principles Governing Proceeding *Pro Se*[5]**

In his Motion to Dismiss, Williams argues that Eason cannot represent an estate *pro se*.  Appearances in federal court are governed by 28 U.S.C. § 1654 which permits parties "[i]n all courts of the United States . . . [to] plead and conduct their

---

[5] These same overall legal principles were previously cited to the parties by the court in Doc. #158.

own causes personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  The right to self-representation has been limited to the right to represent one's self and does not extend to representing someone else or an entity.  *See Faretta v. California*, 422 U.S. 806, 825 (1975) (holding 28 U.S.C. § 1654 "guarantee[s] a choice between representation by counsel and the traditional practice of self-representation"); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir. 1978) (constitutional right to assistance of counsel does not include right to representation by persons unlicensed to practice law); *United States v. Peterson*, 550 F.2d 379, 381-82 (7th Cir. 1977) (*Faretta* "does not hold that a defendant has the freedom of choice to select a non-licensed person as his counsel."); *Osborn v. Bank of the United States*, 22 U.S. 738 (1824) ("A corporation, it is true, can only appear by attorney, while a natural person may appear for himself.").

The Eleventh Circuit has considered the question of whether a personal representative could represent an estate *pro se* in *Reshard v. Britt*, 819 F.2d 1573 (11th Cir. 1987).  In *Reshard*, the plaintiffs appealed the district court's decision disqualifying them, under 28 U.S.C. § 1654, from representing an estate *pro se*. A three-judge panel of the Eleventh Circuit reversed the district court's decision, and the Eleventh Circuit later reviewed the case en banc.  *See Reshard v. Britt*, 819 F.2d

12

1573 (11th Cir.), *rehearing granted and opinion vacated by* 831 F.2d 222 (11th Cir. 1987); *Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988).

The equally divided en banc court affirmed, by operation of law, the district court's order requiring the plaintiffs to obtain counsel. *Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988) ( per curiam) (en banc). Of course, this affirmance is without any precedential value. *See Henderson v. Fort Worth Independent School District*, 584 F.2d 115, 116 (5th Cir. 1978).[6] However, like the Second Circuit, this court finds the reasoning of Chief Judge Roney's dissent to the panel opinion persuasive. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (holding "that an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant.").[7] Further, the Eleventh Circuit has cited the reasoning of *Reshard* <u>as to this very proposition</u> with approval. *See Devine v. Indian River County School Bd.*, 121 F.3d 576, 579 n.9, 581-82 (11th Cir. 1997) (holding that a parent could not represent his disabled child *pro se*). The Eleventh

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[7] "We are persuaded by the reasoning of Chief Judge Roney's dissent to the panel opinion: when an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because 'the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome' of the proceedings. 819 F.2d at 1583 (Roney, [C.]J., dissenting)." *Pridgen*, 113 F.3d at 393.

Circuit's stated, in approving and adopting the reasoning of *Reshard*:

> Our *Reshard* case was vacated so that the merits of the panel's decision could be reconsidered en banc. *See* 839 F.2d at 1500 (Tjoflat, J., dissenting) (noting reason for en banc consideration). On the merits, the en banc court could not reach a majority decision, resulting in the district court being affirmed by operation of law, and leaving no binding circuit precedent on point. Given the procedural posture of *Reshard* and its persuasive reasoning, however, the opinion informs much of our analysis.

*Devine*, 121 F.3d at 579 n.9.

Thus, the Eleventh Circuit has clearly held that a parent who is acting in a representative capacity for a minor child may not appear *pro se*. *See Devine*, 121 F.3d at 581 (11th Cir. 1997) ("Turning to the merits of this appeal, we first conclude that neither 28 U.S.C. § 1654 nor Fed. R. Civ. P. 17(c), cited by Devine, permits a parent to represent his/her child in federal court. Section 1654 authorizes parties in federal cases to 'plead and conduct their own cases personally or by counsel,' but is inapposite because it does not speak to the issue before us-whether Devine may plead or conduct his son's case. Likewise, Rule 17(c) is unavailing; it permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel. *See, e.g., Osei-Afriyie v. Medical College of Penn.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (neither section 1654 nor Rule 17(c) permits non-lawyer parent to represent child in federal court); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990) (same);

14

*Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (same).").

Other federal courts have also considered whether *pro se* litigants may represent estates and have routinely barred such actions when the beneficiaries or creditors of the estate included persons other than the personal representative. *See, e.g., Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998) (prohibiting *pro se* representation of an estate because the personal representative was litigating claims not personal to him); *Pridgen v. Andresen*, 113 F.3d at 393 ("We now hold that an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant."); *Witherspoon v. Jeffords Agency, Inc.*, No. Civ. A. 4:02-1831-12, 2003 WL 24029475 (D.S.C. Mar. 31, 2003) (dismissing action where *pro se* representative of an estate failed to obtain counsel); *Beyer v. N.C. Div. of Mental Health*, No. 1:01CV50-T, 2001 WL 1319506 (W.D.N.C. Oct. 16, 2001) ("The legal interests of an 'estate,' as a matter of both federal and state law, cannot be pursued by an administrator proceeding *pro se*."); *Billups v .West*, No. 95 CIV. 1146(KMW) HB, 1998 WL 341939, at *2 (S.D.N.Y. June 26, 1998) ("Furthermore, if James submits evidence of, and wishes to proceed as, the representative of Billups' estate, she must retain counsel to represent the estate; she cannot proceed *pro se*."); *McCants v. Village of Broadview*, No. 93 C 3657, 1994 WL 117478, at *2 (N.D. Ill. Mar. 28, 1994) ("An estate by its very nature cannot represent

itself and, therefore, must be represented by a licensed attorney, regardless of the relation between the administrator and the decedent.  To permit an unlicensed lay administrator to appear *pro se* would be to permit the unauthorized practice of law.").  Against this backdrop and as made clear to Eason at the show cause hearing held on July 14, 2008, this court is persuaded that, if an estate has beneficiaries or creditors other than the administratrix, then a non-lawyer administratrix cannot represent the interest of such an estate in litigation because that constitutes an impermissible unauthorized practice of law.

### 2.   Application

Here, the court determines, based upon the sworn testimony given by Eason at the hearing held in Huntsville on July 14, 2008, that Mitchell is the father of four (4) children, who each hold the status of being an heir of his estate.  (Doc. #163 at 9, 22-23 (Eason's responding that Mitchell has four (4) children and answering some other questions relating to general information about them)); *see also* Ala. Code 1975 § 43-8-42.[8]  Moreover, the certified probate records from Madison County that Williams

_____

[8]  Ala. Code 1975 § 43-8-42 provides in pertinent part as follows:

The part of the intestate estate not passing to the surviving spouse under section 43-8-41, or the entire intestate estate if there is no surviving spouse, passes as follows:

(1) To the issue of the decedent; if they are all of the same

attached to his Motion to Dismiss confirm Eason's testimony about Mitchell's children and list four (4) separate heirs relating to his estate.[9]  (Doc. #164 at Ex. A at 2).

### a.      Dismissal is appropriate under Rule 41(b).

A dismissal of this case is appropriate under Rule 41(b) because Eason has failed to abide by the court's orders directing her to obtain new counsel or alternatively show cause why it is appropriate for her to proceed in this case *pro se*.

The court first gave Eason until July 14, 2008, to obtain new counsel when Mr. White's request to withdraw was granted.  (Doc. #160).  In this same order, the court expressly warned Eason about the legal deficiencies in her proceeding *pro se* in the event that Mitchell's estate had beneficiaries.  (*Id.*).

When Eason failed to secure attorney representation by July 14, 2008, the court conducted a show cause hearing as to Eason's ability to proceed in a *pro se* capacity. Eason never did show cause at this hearing.  Rather, she suggested that another

---

degree of kinship to the decedent they take equally, but if
of unequal degree, then those of more remote degree take
by representation

There is no evidence before the court that Mitchell had a surviving spouse but, if he did, then such spouse would either be his sole heir or would share in his estate with his surviving children.  *See* Ala. Code 1975 § 43-8-42.

[9]  This corroborating evidence is not essential to the court's ruling and is merely cumulative.

17

attorney, Mr. Shipman, was considering whether to enter an appearance in the case.

Based upon this <u>possibility</u>, the court extended the deadline for Eason to locate an attorney for an additional two (2) weeks, until July 28, 2008.  (Doc. #160). However, Mr. Shipman never entered an appearance by this new date; nor did any other attorney.

After the July 28, 2008, attorney deadline passed, the court once again gave Eason the opportunity to show cause why she should be able to proceed in litigating this case by responding to Williams's Motion to Dismiss no later than September 2, 2008.  (Doc. #167).  Eason's response failed to show any such cause.  The letter and related documents offered in response to Williams's Motion to Dismiss do not substantively respond to any of the arguments or case law that Williams has presented explaining why the case should be dismissed, much less show why an exception to the general rule against her proceeding *pro se* in representing Mitchell's estate is appropriate.  Instead, Eason's unresponsive filing focuses upon the dissatisfactory dealings that she maintains she encountered when Mr. White was her counsel and subsequently when Mr. Shipman was her potential counsel, which allegations Mr. Shipman has vehemently denied.  (*See generally* Docs. #168, #170).

Therefore, despite repeated opportunities and warnings to Eason, she has failed to retain a lawyer either by July 14, 2008, or, as subsequently extended, by July 28,

2008, to represent Mitchell's estate.  Similarly, she has not shown <u>any</u> cause for allowing her to proceed *pro se*, despite having repeated chances to do so. Accordingly, because Eason has failed to timely comply with the orders of this court regarding her options to either secure replacement counsel or show her ability to proceed *pro se* against Williams on behalf of Mitchell's estate, dismissal of this case against Williams pursuant to Rule 41(b) with prejudice is appropriate.  "[T]he district court has the authority to dismiss . . . for failure . . . to comply with its orders or rules of procedure."  *Brown v. Thompson*, 430 F.2d 1214, 1215 (5th Cir. 1970).

### b.    Dismissal is alternatively appropriate under Rule 12(c).

Alternatively, the court treats Williams's Motion to Dismiss as a Motion for Judgment and similarly concludes that it is due to be granted.  Based upon the complaint, Eason "is the duly appointed, qualified and acting legal representative and Administratrix of the Estate of Wallace Mitchell, deceased, pursuant to order of the court heretofore entered by the Probate Court of Madison County, State of Alabama, appointing plaintiff Administratrix; Janice Eason brings this action in her capacity as Administratrix."  (Doc. #1 ¶ 8).  Therefore, akin to the incorporation by reference doctrine,[10] it is appropriate (and certainly creates no prejudicial harm) to consider the

---

[10]  The Eleventh Circuit described the incorporation by reference doctrine in *Horsley v. Feldt*, 304 F.3d 1124 (11th Cir. 2002) as follows:

Our Rule 12(b)(6) decisions have adopted the "incorporation by

undisputed evidence relating to Eason's role as the administratrix of Mitchell's estate, which evidence was already contained in the record before Williams filed his motion, without converting the Motion for Judgment to one for summary judgment.

In particular, this court may consider Eason's undisputed testimony from the July 14, 2008, hearing that Mitchell's estate has four (4) children — and take judicial notice of the legal result of the facts established by Eason's testimony, which is that the children are Mitchell's heirs — in evaluating Williams's Motion for Judgment. There is no question about the authenticity of the hearing transcript and the testimony provided. Further, under the rule of *Van T. Junkins*, Eason cannot now refute this clear testimony by way of a subsequent affidavit. *See Van T. Junkins & Assoc. Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) ("[A] party cannot . . . create . . . an issue [of fact] with an affidavit that merely contradicts, without explanation, previously given clear testimony." Therefore, Eason has stipulated that Mitchell's estate has four (4) beneficiaries and, accordingly, it is appropriate for this court to

reference" doctrine, *see In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999), under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.

*Horsley*, 304 F.3d at 1134 (citations omitted); *see id.* ("Given that the operative rule language is identical and that the provisions serve the same purpose, we believe that the Rule 12(b)(6) incorporation by reference doctrine should apply in Rule 12(c) cases as well.").

accept this stipulation or, alternatively, to take judicial notice of these facts.[11]

_____

[11]   As judicial notice was explained in *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197 (11th Cir. 2004):

> Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence. Fed. R. Evid. 201(a) and (b); *see also* Fed. R. Evid. 201(a) advisory committee's note (explaining that it is proper to take judicial notice of facts with a "high degree of indisputability" that are "outside the area of reasonable controversy"). Adjudicative facts are facts that are relevant to a determination of the claims presented in a case. *Id.*

*Dippin' Dots,* 369 F.3d at 1204.  Relatedly, "[s]ince the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing." *U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The court acknowledges that, because Eason provided sworn testimony regarding the number of heirs to Mitchell's estate, this is not a situation in which a complete absence of evidence as to a particular fact exists, but in any event, the record does otherwise lend itself to the application of this evidentiary principle, specifically, that Alabama law provides that, in the case of intestacy, the heirs at law are Mitchell's four children (*see* Ala. Code 1975 § 43-8-42). The court takes judicial notice of Mitchell's intestacy given Eason's designation in the complaint as his administratrix.  As *Black's Law Dictionary* defines and distinguishes the term, "administratrix" means:

> A person appointed by the court to administer (*i.e.*, manage or take charge of) the assets and liabilities of a decedent (i.e., the deceased). Such  person may be male (*i.e.*, administrator) or a female (*i.e.*, administratrix).  <u>If the person performing these probate services is named by the decedent's will, he is designated as the executor, or she the executrix, of the estate</u>.

*Black's* 46 (6th ed. 1990) (emphasis added).

Relatedly, no conversion of the Motion for Judgment is necessary.[12]  However, even if it is necessary to convert this Motion for Judgment to one for summary judgment, based upon Eason's prior uncontroverted testimony and her complaint, the court has substantially complied with all the critical requirements under Rule 56. More specifically, the court made it clear to Eason, first in the order entered on June 18, 2008, which set the case for the July 14, 2008, show cause hearing (*see, e.g.*, Doc. #158 at 1-4 (discussing limitations on *pro se* representation of estates and citing several explanatory legal authorities)), and second at the hearing held on July 14, 2008, that her case could potentially not proceed if she did not adequately respond to the merits of any motion filed by Williams relating to her ability to go forward on a *pro se* basis.  (*See, e.g.*, Doc. #163 at 20 ("Because just on what I have heard so far

_____

[12]  As *Brown v. Brock*, 169 Fed. Appx. 579, 582 (11th Cir. 2006) summarized, "[t]here are three exceptions to the conversion and notice rules[:]"

> First, judicially noticed facts will not give rise to conversion. *Bankers Ins. Co.*, 137 F.3d at 1295. Second, a document outside the pleadings may be considered if it is essential to the plaintiff's claim and not in dispute. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (referring to the incorporation by reference doctrine). Third, conversion, even without notice, will be deemed harmless if the record shows the parties understood conversion would take place and submitted all the documents they would have even with sufficient notice.  *Denis v. Liberty Mut. Ins. Co.*, 791 F.2d 846, 850 (11th Cir. 1986).

*Brown*, 169 Fed. Appx. at 582.

that he has four living children, I believe that you [*i.e.*, Eason] are not going to be able to represent the estate *pro se* based on what is the law that I set out in my order setting today's hearing.")).

Additionally, the separate scheduling order entered on August 12, 2008, gave Eason over ten (10) days in which to formulate a response to the substance of Williams's motion, which is consistent with the mandate that the non-movant be afforded a reasonable opportunity to oppose a motion under Rule 56.  (*See* Doc. #167 at 1 (giving Eason until September 2, 2008, to file her opposition)).  Further, there were no affidavits or new evidence that formed the basis of Williams's Motion for Judgment; instead, the only essential evidence employed was <u>Eason's own preexisting testimony</u> that her brother had four (4) surviving children.

Finally, there is no reason to conclude that, had the notice to the parties been handled differently by the court, the result on the merits would have changed.  Eason has no ability to alter the facts that: (1) Mitchell died intestate; (2) he was survived by four (4) children; (3) under Alabama law those children are his heirs; and (4) under federal law Eason cannot proceed *pro se* as the administratrix of Mitchell's estate. Therefore, any error in the notice provided to Eason is harmless, at best.  *See, e.g., Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1268 (11th Cir. 2002) ("In a situation in which the parties fully understand the true nature of the motion and have

presented all available arguments, any error in the notice afforded the parties is harmless."); *id.* at 1269 ("[W]e determine that this case is sufficiently unique that even if the district court did convert the 12(b)(6) into a motion for summary judgment any error is harmless."). For the reasons identified above, the circumstances of this case too are sufficiently unique such that any failure to give express notice of a conversion of this alternative Motion for Judgment to one for summary judgment constitutes harmless error.

## V.   CONCLUSION

In sum, Eason's Stay Request is due to be denied, and Williams's Motion to Dismiss is due to be granted pursuant to Rule 41(b). Alternatively and independently, Williams's Motion to Dismiss is due to be granted under Rule 12(c) and/or as converted under Rule 56. Further, Plaintiff's case is due to be dismissed with prejudice. The court will enter an order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 5th day of September, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge